UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                           Case No.: 8:23-bk-03419-CPM
                                                                                 Chapter 7
John E. Gaddis
Hipolita Gaddis

<u>Debtors.                    /</u>

TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTIONS

NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST A HEARING

**Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 30 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail. If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 801 N. Florida Ave., Suite 555, Tampa, FL 33602-3899 and serve a copy on the movant's attorney, Richard M. Dauval, 3900 1st Street North, Suite 100, Saint Petersburg, FL 33703, and any other appropriate persons within the time allowed.**

**If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.**

**If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

Traci K. Stevenson, Trustee in the above-captioned Chapter 7 case, files this Objection to Debtors' claim of exemptions and states as follows:

1. The Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code on August 9, 2023.

2. Richard M. Dauval was appointed to serve as Chapter 7 Trustee in this case.

3. A 341 meeting of creditors was conducted and concluded in this case on September 13, 2023.

4. The Debtor has claimed the majority of the assets on schedule A/B as exempt pursuant to 11 U.S.C. § 522(b)(3)(B). To that end, the Trustee files this objection to claim of exemption preserving the Trustee's ability to administer those assets owned as tenants by the entireties to satisfy debts owed jointly by both Debtors.

5. The trustee further objects to the claim of exemption 11 U.S.C. § 522(b)(3)(B) to the extent such exemption does not apply to a certain scheduled asset due to failure to satisfy all requisite unities under the law.

6. The Debtors have claimed as exempt equity in personal property exceeding the allowable exemptions. The Trustee objects to the Debtor's claim of exemptions to the extent these exceed that which they are entitled to claim as exempt.

WHEREFORE the Trustee respectfully requests the entry of an Order disallowing the Debtors' claim of exemptions as filed, allowing the Trustee to administer assets held as tenants by the entireties to satisfy joint creditors, to the extent that it exceeds that which his is entitled to claim as exempt, and for any other relief which this court deems just.

 /s/ *Richard M. Dauval, Esq.*
Richard M. Dauval, Esq.
PO Box 7929
St. Petersburg, FL 33704
727-392-3328

## CERTIFICATE OF SERVICE

I certify that on December 22, 2023, a true and correct copy of the foregoing was provided by U.S. mail and/or electronic delivery to:

U.S. Trustee, USTPRegion21.TP.ecu@usdoj.gov
Jay Weller, Esq., jweller@wellerlegalgroup.com
John E. Gaddis and Hipolita Gaddis, 3016 Azalea Blossom Drive, Plant City, FL 33567
Traci K. Stevenson, Trustee

/s/ *Richard M. Dauval, Esq.*
Richard M. Dauval, Esq.